UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS JIMINEZ,

    Petitioner,

v.                 Case No. 8:11-CV-1339-T-24EAJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

O R D E R

This cause comes on for consideration of Petitioner's Motion for Reconsideration (D-5).

By order dated June 29, 2011, the Court dismissed as untimely Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Cv-D-3.) Petitioner now moves for reconsideration of that order. Petitioner appears to contend that his criminal judgment became final on January 5, 2011, when the Eleventh Circuit found his second appeal was barred and frivolous. He therefore contends that his § 2255 motion, which he mailed on June 9, 2011, was filed within the one-year statute of limitations period.

As the Court previously explained in its June 29, 2011 order, the Eleventh Circuit affirmed Petitioner's conviction and sentence on April 7, 2009. United States v. Jiminez, 564

F.3d 1280 (11th Cir. 2009). Petitioner did not file a petition of writ of certiorari, and, as such, his conviction became final on July 6, 2009. He had one year thereafter, until July 6, 2010, by which to file his § 2255 motion.

Petitioner did not file a § 2255 motion within that time frame. Rather, on October 21, 2010, three months after the one-year limitations period had expired, Petitioner chose to file a second appeal of his conviction and sentence. The Eleventh Circuit deemed this second appeal barred by the doctrine of res judicata and frivolous on its face and dismissed it sua sponte on January 5, 2011. Five months after the issuance of that opinion, Petitioner filed his § 2255 motion.

Petitioner's frivolous appeal, filed after the expiration of the statute of limitations, did not toll or restart the limitations period. His § 2255 motion is therefore untimely.

IT IS ORDERED that:

(1) Petitioner's Motion for Reconsideration (Cv-D-5) is GRANTED in part and DENIED in part. The Court has reconsidered its Order of June 29, 2011, and declines to amend it in any respect and, the Court's previous ruling of June 29, 2011 is CONFIRMED.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal

<u>in</u> <u>forma</u> <u>pauperis</u>.

DONE AND ORDERED at Tampa, Florida this ___12th___ day of August, 2011.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE